# Supreme Court of Florida

_____

No. SC2023-0837
_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF GENERAL PRACTICE AND JUDICIAL ADMINISTRATION.**

March 21, 2024
**CORRECTED OPINION**

PER CURIAM.

The Florida Bar's Rules of General Practice and Judicial Administration Committee has filed a report with its proposed refinements to the Workgroup on the Improved Resolution of Civil Cases' proposals to amend the Florida Rules of General Practice and Judicial Administration.[1]  Except as modified below, we adopt the amendments proposed by the Committee.  We also direct the Commission on Trial Court Performance and Accountability to monitor the effect of these amendments for one year and to provide us with updated recommendations at year's end.

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(f).

## BACKGROUND

In 2022, the Workgroup[2] submitted a final report proposing amendments to the Florida Rules of General Practice and Judicial Administration and multiple other rule sets aimed at promoting the fair and timely resolution of civil cases. The proposed amendments provided for court case management of civil cases with early judicial intervention, adherence to established deadlines, and reporting of case management data. Because additional refinements were needed, we declined to adopt the Workgroup's proposals, opting instead to make a series of phased referrals for the "refinement and study of the Workgroup's proposals." *In re Report & Recommendations of Workgroup on Improved Resolution of Civil Cases*, No. SC2022-0122 (Fla. Jan. 12, 2023).

---

2. Established by the Court in 2019, the Workgroup was tasked with examining Florida's "laws, rules of court, and practices relating to civil procedure and case management to determine whether changes can be made to improve the resolution of civil cases . . . includ[ing] consideration of whether this state's laws and rules of court sufficiently address and deter a failure to prosecute, a violation of discovery, presentation of an unsupported claim or defense, and causation of an improper delay in litigation." *In re Workgroup on Improved Resolution of Civil Cases*, Admin. Order No. AOSC2019-73 (Fla. Oct. 31, 2019).

We made one such referral to the Rules of General Practice and Judicial Administration Committee, tasking it with refining the Workgroup's proposed changes to the Florida Rules of General Practice and Judicial Administration. After thoroughly considering the Workgroup's report, the Committee has now filed a report with its suggested refinements to the Workgroup's proposal for new rule 2.546 (Active and Inactive Case Status) and for existing rules 2.215 (Trial Court Administration), 2.250 (Time Standards for Trial and Appellate Courts and Reporting Requirements), and 2.550 (Calendar Conflicts). The Committee also proposes the addition of new forms 2.604 (Notice of Pending Matter), 2.605 (Notice of Inactive Status), and 2.606 (Notice of Active Status).

The Florida Bar's Board of Governors unanimously recommends acceptance of the proposed amendments. We published the Committee's proposals for comment and received one comment from Judge Frederick Pollack, a circuit court judge in the Sixth Judicial Circuit. The Committee filed a response to the comment.

Having considered the reports from both the Committee and the Workgroup, the comment received, and the Committee's

response, we adopt the amendments to the Florida Rules of General Practice and Judicial Administration proposed by the Committee with some modifications. We explain the modifications below and discuss some of the more significant rule amendments.

**AMENDMENTS**

First, to promote efficient case management, the existing reporting requirement in rule 2.215(g) (Duty to Rule within a Reasonable Time) is amended to require a judge to maintain a log of all matters, not just cases, held under advisement and to notify the chief judge each month of all matters that have been held under advisement for more than 60 days. The Committee proposed amending rule 2.215(g) to also require judges to report matters "ready for disposition." But we decline to make this change because a listing of all matters held under advisement for more than 60 days would necessarily include any matter that is "ready for disposition."

Additionally, rule 2.215 is amended to include new subdivision (g)(2) (Notice of Pending Matter). Under the new subdivision, a party may prompt a judge to rule on a matter that has been pending for more than 60 days by filing a notice with the clerk and

- 4 -

serving a copy on the judge. New form 2.604 contains a sample notice for use in providing notice under the rule.

Rule 2.250(a) (Time Standards) is amended to add a time standard of 30 months for complex cases and to clarify when the time standards for civil cases begin and end. And rule 2.250(b) (Reporting of Cases) is amended to require the chief judge of each circuit to serve on the chief justice and the state court administrator an annual report listing all active civil cases that have been pending three or more years.

New rule 2.546 requires the parties in all types of proceedings to notify a court of a case's change in status. The new rule is divided into two parts. Subdivision (a) (Required Stay) addresses changing a case's status when a stay is required by law, while subdivision (b) (Requested Stay) addresses changing a case's status when a stay is requested but not required by law. Under subdivision (a), and in instances such as a bankruptcy stay, a party need only promptly file a notice indicating a change in the case's status to place it on active or inactive status; no court action is needed. New forms 2.605 and 2.606 contain sample notices for use in providing notice of a case's status under subdivision (a).

Under subdivision (b), a party may file a motion requesting a change in case status, but absent a stipulation that a pending appellate ruling in another matter will be dispositive, or a showing of extraordinary circumstances, a court will not grant a request to place a case on inactive status. To ensure that a party is required to act with the same level of promptness in restoring a case to active status under both subdivisions, we revise subdivision (b)(2) to read: "A party must promptly move to restore a case to active status when circumstances make inactive status unnecessary." We also revise the first sentence of subdivision (b)(3) to clarify that a party filing a motion seeking a change in case status under the rule must serve a copy of the motion and a proposed order on the presiding judge at the time the motion is filed.

Lastly, rule 2.550(c) (Notice and Agreement; Resolution by Judges) is amended to clarify that when a lawyer is scheduled to appear in two courts at the same time, the presiding judges must confer and resolve the conflict.

## CONCLUSION

Accordingly, the Florida Rules of General Practice and Judicial Administration are amended as set forth in the appendix to this

opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments become effective on July 1, 2024, at 12:01 a.m.

The Commission on Trial Court Performance and Accountability is directed to monitor the effect of these amendments for one year after they go into effect and to provide this Court with updated recommendations at year's end.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of General Practice and Judicial Administration

Kristin A. Norse, Chair, Rules of General Practice and Judicial Administration Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Kelly Noel Smith, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

Frederick L. Pollack, Circuit Judge, Sixth Judicial Circuit of Florida, Clearwater, Florida,

    Responding with comments

# APPENDIX

## RULE 2.215.   TRIAL COURT ADMINISTRATION

**(a)    Purpose.** The purpose of this rule is to fix administrative responsibility in the chief judges of the circuit courts and the other judges that the chief judges may designate. When ~~these~~a rule~~s~~ refer~~s~~ to "the court," ~~they shall be construed to apply~~it applies to a judge of the court when the context ~~requires or~~ permits.

**(b)    Chief Judge.**

(1)    The chief judge ~~shall be~~is a circuit judge who possesses managerial, administrative, and leadership abilities~~,~~ and ~~shall be~~is selected without regard to seniority ~~only~~.

(2)    The chief judge ~~shall be~~is the administrative officer of the courts within the circuit and ~~shall, consistent with branch-wide policies,~~ directs the formation and implementation of policies~~,~~ and priorities for the operation of all courts and officers within the circuit, consistent with branch-wide policies. The chief judge ~~shall exercise~~has administrative supervision over all judges and court personnel within the judicial circuit. The chief judge ~~shall be~~is responsible to the chief justice of the supreme court. The chief judge may enter and sign administrative orders, except as otherwise provided by this rule. The chief judge ~~shall have~~has the authority to require that all judges of the court, other court officers, and court personnel comply with all court and judicial branch policies, administrative orders, procedures, and administrative plans.

(3)    The chief judge ~~shall~~ maintains liaison in all judicial administrative matters with the chief justice of the supreme court, and ~~shall, considering available resources,~~ ensures the efficient and proper administration of all courts within that circuit, considering available resources. The chief judge ~~shall~~must develop and file with the supreme court an administrative plan that ~~shall be filed with the supreme court and shall~~ includes an administrative organization capable of effecting the prompt disposition of cases; assignment of judges, other court officers, and all other court

personnel; control of dockets; regulation and use of courtrooms; and mandatory periodic review of the status of the inmates of the county jail. The plan ~~shall~~<u>must</u> be compatible with the development of the capabilities of the judges ~~in such a manner~~<u>so</u> that each judge will be qualified to serve in any division, ~~thereby~~ creating a judicial pool from which judges may be assigned to various courts throughout the state. The administrative plan ~~shall~~<u>must</u> include a consideration of the statistical data developed by the case reporting system. Questions concerning the administration or management of the courts of the circuit ~~shall~~<u>must</u> be directed to the chief justice of the supreme court through the state courts administrator.

(4)    The chief judge ~~shall~~ assign<u>s</u> judges to the courts and divisions~~,~~ and ~~shall~~ determine<u>s</u> the length of each assignment. The chief judge is authorized to order consolidation of cases~~,~~ and ~~to~~ assign cases to a judge or judges for the preparation of opinions, orders, or judgments. All judges ~~shall~~<u>must</u> inform the chief judge of any contemplated absences that will affect the progress of the court's business. If a judge is temporarily absent, is disqualified in an action, or is unable to perform the duties of the office, the chief judge or the chief judge's designee may assign a proceeding pending before the judge to any other judge or any additional assigned judge of the same court. The chief judge may assign any judge to temporary service for which the judge is qualified in any court in the same circuit. If it appears to the chief judge that the speedy, efficient, and proper administration of justice so requires, the chief judge ~~shall~~<u>may</u> request the chief justice of the supreme court to assign temporarily an additional judge or judges from outside the circuit to duty in the court requiring assistance. The assigned judges ~~shall be~~<u>are</u> subject to administrative supervision of the chief judge for all purposes of this rule. When assigning a judge to hear any type of postconviction or collateral relief proceeding brought by a defendant who has been sentenced to death, the chief judge ~~shall~~<u>must</u> assign ~~to such cases~~<u>the case to</u> a judge qualified ~~to conduct such proceedings~~ under subdivision (b)(10) of this rule. Nothing in this rule ~~shall~~ restrict<u>s</u> the constitutional powers of the chief justice of the supreme court to make ~~such~~ assignments ~~as the chief justice shall deem appropriate~~.

- 9 -

(5)     The chief judge may designate a judge in any court or court division of circuit or county courts as "administrative judge" of any court or division to assist with the administrative supervision of the court or division. To the extent practical, the chief judge ~~shall~~should assign only ~~one~~1 administrative judge to supervise the family court. The designee ~~shall be~~is responsible to the chief judge, ~~shall have~~has the power and duty to carry out the responsibilities assigned by the chief judge, and ~~shall~~ serves at the pleasure of the chief judge.

(6)     The chief judge may require the attendance of prosecutors, public defenders, clerks, bailiffs, and other officers of the courts, and may require from the clerks of the courts, sheriffs, or other officers of the courts periodic reports ~~that the chief judge deems necessary~~.

(7)     The chief judge ~~shall~~must regulate the use of all court facilities, regularly examine the dockets of the courts under the chief judge's administrative supervision, and require a report on the status of the matters on the dockets. The chief judge may take ~~such~~ action as ~~may be~~ necessary to ~~cause~~make the dockets ~~to be made~~ current. The chief judge ~~shall~~must monitor the status of all postconviction or collateral relief proceedings for defendants who have been sentenced to death from the time that the mandate affirming the death sentence has been issued by the supreme court and ~~shall~~ take the necessary actions to assure that ~~such~~the cases proceed without undue delay. On the first day of every January, April, July, and October, the chief judge ~~shall~~must inform the chief justice of the supreme court of the status of ~~all such~~these cases.

(8)     The chief judge or the chief judge's designee ~~shall~~must regularly examine the status of every inmate of the county jail.

(9)     The chief judge may authorize the clerks of courts to maintain branch county court facilities. ~~When so authorized, clerks of court shall be permitted~~ to retain county court permanent records of pending cases in ~~such~~the branch court facilities ~~all~~

~~county court permanent records of pending cases~~, and ~~may~~to retain and destroy these records in the manner provided by law.

(10)  *Assigning Capital Cases.*

(A)  The chief judge ~~shall~~may not assign a judge to preside over a capital case in which the state is seeking the death penalty, or collateral proceedings brought by a death row inmate, until that judge has become qualified to do so by:

(i)  presiding a minimum of 6 months in a felony criminal division or in a division that includes felony criminal cases~~,~~; and

(ii)  successfully attending the "Handling Capital Cases" course offered through the Florida Court Education Council. A judge whose caseload includes felony criminal cases must attend the "Handling Capital Cases" course as soon as practicable, or ~~upon~~at the direction of the chief judge.

(B)  [No Change]

(C)  Following attendance at the "Handling Capital Cases" course, a judge ~~shall~~ remain_s_ qualified to preside over a capital case by attending a "Capital Case Refresher" course once during each of the subsequent continuing judicial education ~~(CJE)~~ reporting periods. A judge who has attended the "Handling Capital Cases" course and who has not taken the "Capital Case Refresher" course within any subsequent continuing judicial education reporting period must requalify to preside over a capital case by attending the refresher course.

(D)  The refresher course ~~shall~~must be at least a 6-hour course ~~and must be~~ approved by the Florida Court Education Council~~. The course must~~ containing instruction on the ~~following topics:~~ penalty phase, jury selection, and proceedings brought ~~pursuant to~~under Florida Rule of Criminal Procedure 3.851.

- 11 -

(11)  The failure of any judge to comply with an order or directive of the chief judge ~~shall be~~is considered neglect of duty and may be reported by the chief judge to the chief justice ~~of the supreme court~~ who ~~shall have~~has the authority to take any appropriate corrective action ~~as may be appropriate~~. The chief judge may report the neglect of duty by a judge to the Judicial Qualifications Commission or other appropriate person or body~~,~~ or take ~~such~~ other appropriate corrective action ~~as may be appropriate~~.

(12)  At the call of the chief justice, the chief judges of the circuit court and district courts of appeal ~~shall~~must meet on a regular basis ~~and with each other and with the chief justice~~ to discuss and provide feedback for implementation of policies and practices that have statewide impact including, but not limited to, the judicial branch's management, operation, strategic plan, legislative agenda, and budget priorities. ~~Such~~The meetings ~~shall~~must~~, if practicable,~~ occur at least quarterly and be conducted in person, if practicable. At the discretion of the chief justice, any of these meetings may be combined with other judicial branch and leadership meetings.

(13)  The chief judge ~~shall have the responsibility to~~must exercise reasonable efforts to promote and encourage diversity in the administration of justice.

**(c)   Selection.** The chief judge ~~shall~~must be chosen by a majority of the active circuit and county court judges within the circuit for a term of 2 years commencing on July 1 of each odd-numbered year~~,~~ or ~~if~~by the chief justice if there is no majority~~, by the chief justice,~~ for a term of 2 years. The election for chief judge ~~shall~~must be held no sooner than February 1 of the year during which the chief judge's term commences beginning July 1. All elections for chief judge ~~shall~~must be conducted as follows:

(1)   All ballots ~~shall be~~are secret.

(2)   [No Change]

(3)     Proxy voting ~~shall~~is not ~~be~~ permitted.

(4)     [No Change]

A chief judge may be removed as chief judge by the supreme court, acting as the administrative supervisory body of all courts, or may be removed by a two-thirds vote of the active judges. The purpose of this rule is to fix a 2-year cycle for the selection of the chief judge in each circuit. A chief judge may serve for successive terms but ~~in no event shall the total term as chief judge exceed~~no more than 8 years. A chief judge who is to be temporarily absent ~~shall~~must select an acting chief judge from among the circuit judges. If a chief judge dies, retires, fails to appoint an acting chief judge during an absence, or is unable to perform the duties of the office, the chief justice ~~of the supreme court shall~~must appoint a circuit judge to act as chief judge during the absence or disability~~,~~ or until a successor chief judge is elected to serve the unexpired term. When the office of chief judge is temporarily vacant pending action within the scope of this paragraph, the duties of court administration ~~shall be~~are performed by the circuit judge having the longest continuous service as a judge or by another circuit judge designated by that judge.

**(d)     Circuit Court Administrator.** Each circuit court administrator ~~shall be~~is selected or terminated by the chief judge subject to concurrence by a majority vote of the circuit and county judges of the respective circuits.

**(e)     Local Rules and Administrative Orders.**

(1)     Local court rules as defined in rule 2.120 may be proposed by a majority of the circuit and county judges in the circuit. The judges must notify the local bar within the circuit of the proposal, after which they must permit a representative of the local bar, and may permit any other interested person, to be heard orally or in writing on the proposal before submitting it to the supreme court for approval. When a proposed local rule is submitted to the supreme court for approval, the following procedure ~~shall apply~~applies~~:~~.

- 13 -

(A)     Local court rule proposals must be submitted to the supreme court in January of each year. The supreme court may accept emergency proposals submitted at other times.

(B)     ~~Not later than February 15 of each year, the~~The clerk of the supreme court must submit all local court rule proposals to the Supreme Court Local Rules Advisory Committee ~~created by rule 2.140~~by February 15 of each year. At the same time, the clerk of the supreme court must send copies of the proposed rules to the appropriate committees of The Florida Bar. The Florida Bar committees, any interested local bar associations, and any other interested person must submit any comments or responses that they wish to make to the Supreme Court Local Rules Advisory Committee on or before March 15 of ~~the~~that year.

(C)     The Supreme Court Local Rules Advisory Committee must meet on or before April 15 to consider the proposals and any comments submitted by interested parties. The committee must transmit its recommendations to the supreme court concerning each proposal, with the reasons for its recommendations, within 15 days after its meeting.

(D)     The supreme court must consider the committee's recommendations ~~of the committee~~ and may resubmit the proposals with modifications to the committee for editorial comment only. The supreme court may set a hearing on any proposals~~,~~ or consider them on the recommendations and comments as submitted. If a hearing is set, notice must be given to the chief judge of the circuit from which the proposals originated, the executive director of The Florida Bar, the chair of the Rules of General Practice and Judicial Administration Committee of The Florida Bar, any local bar associations, and any interested persons who made comments on the specific proposals to be considered. The supreme court must act on the proposals promptly after the recommendations are received or heard.

(E)    ~~If a~~A local court rule ~~is~~ approved by the supreme court~~, it will~~ becomes effective on the date set by that court.

(F)    ~~A~~The clerk of the circuit court where the local court rules take effect must index and record a copy ~~of all local court rules approved by the supreme court must be indexed and recorded by the clerk of the circuit court~~ in each applicable county of ~~the~~that circuit ~~where the rules are effective~~. A set of the recorded copies must be readily available for inspection as a public record~~,~~ and copies must be provided to any requesting party ~~for~~on payment of the cost of duplication. The chief judge of the circuit must publish the local court rules on the circuit's website. The clerk of the supreme court must furnish copies of each approved local court rule to the executive director of The Florida Bar.

(2)    Any judge or member of The Florida Bar who believes that an administrative order promulgated under subdivision (b)(2) of this rule is a court rule or a local rule as defined in rule 2.120, rather than an administrative order, may apply to the Supreme Court Local Rules Advisory Committee for a decision on the question. The decisions of the committee concerning the determination of the question must be reported to the supreme court, and the court must follow the procedure set forth in subdivision (D) above in considering the recommendation of the committee.

(3)    ~~All~~The clerk of the circuit court where the administrative order takes effect must index and record all administrative orders of a general and continuing nature~~,~~ and ~~all~~ ~~others~~ orders designated by the chief judge~~, must be indexed and recorded by the clerk of the circuit court~~ in each county where the orders are effective. A set of the recorded copies must be readily available for inspection as a public record~~,~~ and copies must be provided to any requesting party ~~for~~on payment of the cost of duplication. The chief judge of the circuit must publish all administrative orders of a general and continuing nature on the circuit's website. The chief judge must~~, on an annual basis,~~ direct a review of all local administrative orders on an annual basis to

- 15 -

ensure that the set of copies maintained by the clerk remains current and does not conflict with supreme court or local rules.

(4)     All local court rules entered ~~pursuant to~~under this section must be numbered sequentially for each respective judicial circuit.

**(f)     Individual and Divisional Practices and Procedures.** Every judge who establishes practices or procedures that apply only when appearing before that specific judge must publish those practices and procedures on the circuit's website. Each division of court that establishes practices and procedures that apply in that division of court must publish those practices and procedures on the circuit's website. No judge or division may establish a practice or procedure that requires attorneys or parties to communicate with the court solely by written letter. Neither a division nor a judge may establish practices or procedures that contradict established law or rule of procedure. The chief judge of each circuit should establish procedures to ensure compliance with the subdivision.

**(g)     ~~Duty to Rule within a Reasonable Time~~Timely Rulings.**

(1)     *Judge's Duty.* Every judge has a duty to ~~rule upon and announce~~enter within a reasonable time an order or judgment on every matter submitted to that judge ~~within a reasonable time~~. Each judge ~~shall~~must maintain a log of ~~cases~~matters under advisement and inform the chief judge of the circuit at the end of each calendar month of each ~~case~~matter that has been held under advisement for more than 60 days.

(2)     *Notice of Pending Matter.* A party may file with the clerk a notice using form 2.604 that a matter has been held under advisement or is ready for disposition and remains pending without judicial action for more than 60 days. The party must serve a copy of the notice on the presiding judge.

**(h)     Duty to Expedite Priority Cases.** Every judge has a duty to expedite priority cases to the extent reasonably possible.

Priority cases are those cases that have been assigned a priority status or assigned an expedited disposition schedule by statute, rule of procedure, case law, or otherwise. Particular attention must be given to all juvenile dependency and termination of parental rights cases, cases involving families and children in need of services, challenges involving elections and proposed constitutional amendments, and capital postconviction cases. ~~As part of an effort to make capital postconviction cases a priority, the~~The chief judge ~~shall have~~has the discretion to create a postconviction division to handle capital postconviction, as well as non-capital postconviction cases, and may assign ~~one~~1 or more judges to that division.

**(i)** [No Change]

**(j) Status Conference after Compilation of Record in Death Case.** In any proceeding in which a defendant has been sentenced to death, the circuit judge assigned to the case must take ~~such~~ action ~~as may be~~ necessary to ensure that a complete record on appeal has been properly prepared. ~~To that end, the~~The judge must convene a status conference with all counsel of record as soon as possible after the record has been prepared ~~pursuant to~~under rule of appellate procedure 9.200(d) but before the record has been transmitted. The purpose of the status conference is to ensure that the record is complete.

**Committee Notes**
[No Change]

**Court Commentary**
[No Change]

**Criminal Court Steering Committee Note**
[No Change]

**RULE 2.250.   TIME STANDARDS FOR TRIAL AND APPELLATE COURTS AND REPORTING REQUIREMENTS**

**(a)** **Time Standards.** The following time standards are hereby established as a presumptively reasonable time period for the completion of cases in the trial and appellate courts of this state. Periods during which a case is on inactive status are excluded from the calculation of the time periods set forth below. It is recognized that there are cases that, because of their complexity, present problems that cause reasonable delays. However, most cases should be completed within the following time periods:

    (1)   *Trial Court Time Standards.*

        (A)   Criminal.

            i.  Felony — 180 days (arrest to final disposition)

            ii.   Misdemeanor — 90 days (arrest to final disposition)

        (B)   Civil.

            i.   Complex cases under the Florida Rules of Civil Procedure — 30 months (from date of service of initial process on the last defendant or 120 days after commencement of the action as provided in Florida Rule of Civil Procedure 1.050, whichever occurs first, to final disposition)

            ii.   ~~Jury~~Other jury cases — 18 months (~~filing~~from date of service of initial process on the last defendant or 120 days after commencement of the action as provided in rule 1.050, whichever occurs first, to final disposition)

            iii.   ~~Non-jury~~Other nonjury cases — 12 months (~~filing~~from date of service of initial process on the last defendant or 120 days after commencement of the action as provided in rule 1.050, whichever occurs first, to final disposition)

            iv.   Small claims cases — 95 days (~~filing~~from commencement of the action as provided in Florida Small Claims

<u>Rule of Procedure 7.050 to final disposition, unless 1 or more rules of civil procedure are invoked that eliminate the deadline for trial under rule 7.090(d), in which event the "complex," "other jury," or "other nonjury" deadline will apply, as appropriate to the case)</u>

        (C)    Domestic Relations.

            <u>i.</u>    Uncontested — 90 days (filing to final disposition)

            <u>ii.</u>   Contested — 180 days (filing to final disposition)

        (D)    Probate.

            <u>i.</u>    Uncontested, no federal estate tax return — 12 months (from issuance of letters of administration to final discharge)

            <u>ii.</u>   Uncontested, with federal estate tax return — 12 months (from the return's due date to final discharge)

            <u>iii.</u>  Contested — 24 months (from filing to final discharge)

        (E)    Juvenile Delinquency.

            <u>i.</u>    Disposition hearing — 120 days (filing of petition or child being taken into custody to hearing)

            <u>ii.</u>   Disposition hearing (child detained) — 36 days (date of detention to hearing)

        (F)    Juvenile Dependency.

            <u>i.</u>    Disposition hearing (child sheltered) — 88 days (shelter hearing to disposition)

    ii. Disposition hearing (child not sheltered) — 120 days (filing of petition for dependency to hearing)

    (G) Permanency Proceedings.  Permanency hearing — 12 months (date child is sheltered to hearing)

   (2) *Supreme Court and District Courts of Appeal Time Standards:.* Rendering a decision — within 180 days of either oral argument or the submission of the case to the court panel for a decision without oral argument, except in juvenile dependency or termination of parental rights cases, in which a decision should be rendered within 60 days of either oral argument or submission of the case to the court panel for a decision without oral argument.

   (3) *Florida Bar Referee Time Standards:.* Report of referee — within 180 days of being assigned to hear the case

   (4) *Circuit Court Acting as Appellate Court:.* Ninety days from submission of the case to the judge for review

### (b) Reporting of Cases.

   (1) *Quarterly Reports.* The time standards require that the following monitoring procedures be implemented:

   All pending cases in circuit and district courts of appeal exceeding the time standards ~~shall~~must be listed separately on a report submitted quarterly to the chief justice. The report ~~shall~~must include for each case listed the case number, type of case, case status (active or inactive for civil cases and contested or uncontested for domestic relations and probate cases), the date of arrest in criminal cases, and the original filing date in civil cases. The Office of the State Courts Administrator will provide the necessary forms for submission of this data. The report ~~will be~~is due on the 15th day of the month following the last day of the quarter.

   (2) *Annual Report of Pending Civil Cases.*

(A)    By the last business day of July of every year, the chief judge of each circuit must serve on the chief justice and the state courts administrator a report of the status of the docket of the general civil division of that circuit, including both circuit and county courts, for the preceding fiscal year. The Office of the State Courts Administrator must provide the necessary forms for submission of this data. The report must, at a minimum, include the following:

(i)    a list of all civil cases, except cases on inactive status, by case number and style, grouped by county, court level (circuit or county), division, and assigned judge, pending in that circuit 3 years or more from the filing of the complaint or other case-initiation filing as of the last day of the fiscal year;

(ii)    a reference as to whether each such case appeared on the previous fiscal year's report and, if so, whether the same or a different judge was responsible for the case as of the previous fiscal year's report; and

(iii)    a reference as to whether an active case management order is in effect in the case.

(B)    Cases that must remain confidential by statute, court rule, or court order must be included in the report, anonymized by an appropriate designation. The Office of the State Court Administrator must devise a designation system for such cases that enables the chief judge and the recipients of the report to identify cases that appear on a second or subsequent annual report.

## RULE 2.546.    ACTIVE AND INACTIVE CASE STATUS

### (a)    Required Stay.

(1)    *Notice of Inactive Status.* A party must promptly file a notice to place a case on inactive status when the party knows a case pending in a trial court is required to be stayed, including when a court has imposed a stay or when a stay is imposed by

operation of bankruptcy law. The case is treated as inactive on filing the notice unless the court orders otherwise.

(2)     *Notice of Active Status.* A party must promptly file a notice to remove a case's inactive status after learning of an event that makes inactive status unnecessary. The case is treated as active on filing the notice unless the court orders otherwise.

**(b)     Requested Stay.**

(1)     *Motion to Place on Inactive Status.* A party may move to place a case on inactive status for bona fide reasons. Unless the parties stipulate that a pending appellate ruling in an entirely separate case is dispositive of a material issue in the case, the case will not be placed on inactive status absent extraordinary circumstances.

(2)     *Motion to Place on Active Status.* A party must promptly move to restore a case to active status when circumstances make inactive status unnecessary.

(3)     *Service; Order on Change of Status.* The filer must serve a copy of the motion and a proposed order on the presiding trial judge at the time the motion is filed. The court must promptly issue an order granting or denying the motion. An order granting the motion to change the case status must contain the reason for the change in case status. On issuance of an order changing the case status, the clerk must promptly adjust the status in the docket.

**(c)     Deadlines Tolled.** All deadlines in a case management order issued under rule 1.200 or rule 1.201 will be tolled from the date a case is placed on inactive status until the date the case is restored to active status.

**RULE 2.550.    CALENDAR CONFLICTS**

**(a)** **Guidelines.** In resolving calendar conflicts between the state courts of Florida or between a state court and a federal court in Florida, the following guidelines must be considered:

(1)    Any case priority status established by statute, rule of procedure, case law, or otherwise ~~shall~~must be evaluated to determine the effect that resolving a calendar conflict might have on the priority case or cases.

(2)-(6)    [No Change]

**(b)**    [No Change]

**(c)** **Notice and Agreement; Resolution by Judges.** When an attorney is scheduled to appear in 2 courts at the same time and cannot arrange for other counsel to represent the clients' interests, the attorney ~~shall~~must give prompt written notice of the conflict to opposing counsel or self-represented party, the clerk of each court, and the presiding judge of each case, if known. If the presiding judge of the case cannot be identified, written notice of the conflict ~~shall~~must be given to the chief judge of the court having jurisdiction over the case~~,~~ or to the chief judge's designee. The judges or their designees ~~shall~~must confer and ~~undertake to avoid~~resolve the conflict ~~by agreement among themselves~~. ~~Absent agreement, conflicts should be promptly resolved by the judges or their designees in accordance with the above case guidelines.~~

## FORM 2.604. NOTICE OF PENDING MATTER

(CAPTION)

### NOTICE OF PENDING MATTER

.....(NAME)..... gives notice under Fla. R. Gen. Prac. & Jud. Admin. 2.215 that judicial action in the above captioned case remains pending on .....(NAME OF MOTION)...... filed on .....(DATE MOTION FILED)...... .....(ADD DOCUMENT IDENTIFICATION NUMBER HERE IF AVAILABLE).....

### CERTIFICATE OF SERVICE

I certify that on .....(DATE)..... this document has been furnished to (here insert name(s) and service addresses) by (here insert method of service such as e-portal, e-mail, delivery, or mail).

                                                 _____
.....(signature).....
.....(printed name).....
.....(e-mail address).....
.....(address).....
.....(phone number).....

**FORM 2.605.  NOTICE OF INACTIVE STATUS**

(CAPTION)

NOTICE OF INACTIVE STATUS

. . . . .(NAME). . . . . gives notice under Fla. R. Gen. Prac. & Jud. Admin. 2.546 that the above captioned case is required to be placed on inactive status because:

☐      A party in this action has filed for bankruptcy relief in …..(CASE NUMBER)….. requiring an automatic stay under the Bankruptcy Code.

☐      The …..(NAME OF APPLICABLE COURT)….. has entered an order, …..(NAME OF ORDER)….., in case number(s) …..(CASE NUMBER(S))….. dated …..(DATE)….. , requiring a stay in the above captioned case.

CERTIFICATE OF SERVICE

I certify that on …..(DATE)….. this document has been furnished to (here insert name(s) and service addresses) by (here insert method of service such as e-portal, e-mail, delivery, or mail).

…..(signature)…..
…..(printed name)…..
…..(e-mail address)…..
…..(address)…..
…..(phone number)…..

## FORM 2.606.   NOTICE OF ACTIVE STATUS

(CAPTION)

### NOTICE OF ACTIVE STATUS

.....(NAME)..... gives notice under Fla. R. Gen. Prac. & Jud. Admin. 2.546 that the above captioned case is required to be placed on active status because:

☐     The bankruptcy proceeding in .....(CASE NUMBER)..... has been dismissed.

☐     A Discharge of Bankruptcy in .....(CASE NUMBER)..... has been filed.

☐     An Order of Relief from Stay in the bankruptcy proceedings in .....(CASE NUMBER)..... has been entered.

☐     The .....(NAME OF APPLICABLE COURT)..... has entered an order lifting the stay in the above captioned case.

### CERTIFICATE OF SERVICE

I certify that on .....(DATE)..... this document has been furnished to (here insert name(s) and service addresses) by (here insert method of service such as e-portal, e-mail, delivery, or mail).

.....(signature).....
.....(printed name).....
.....(e-mail address).....
.....(address).....
.....(phone number).....